| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | JAMES T. CONLEY, SBN 224174<br>james.conley@ogletree.com<br>BRIAN D. MURPHY, SBN 233582<br>brian.murphy@ogletree.com<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.<br>400 Capitol Mall, Suite 2800<br>Sacramento, CA 95814<br>Telephone: 916-840-3150<br>Facsimile: 916-840-3159<br><br>Attorneys for Defendants WAL-MART ASSOCIATES, INC., WALMART INC., and GINA PACHECO |

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIA LOPEZ, an individual,<br><br>            Plaintiff,<br><br>     vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; WALMART INC., a Delaware corporation; PENNY SEVILLA, an individual; GINA PACHECO, an individual; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No. CaseNumber **'24CV0302 GPC MMP**<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S AND WALMART INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1441 AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement; Declaration of James T. Conley, and Notice of Party with Financial Interest]*<br><br>Action Filed:   January 9, 2024<br>Trial Date:      None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant WAL-MART ASSOCIATES, INC. and WALMART INC., (collectively hereinafter "Defendant" or "Walmart"), by and through the undersigned counsel, hereby removes the above-entitled action from the Imperial County Superior Court to the United States District Court for the Southern District of California pursuant to United States Code, Title 28, Sections 1332, 1441(b) and 1446. Walmart removes this action on the grounds that: (a) there is complete diversity of citizenship between Plaintiff MIA LOPEZ ("Plaintiff"), a citizen of the State of California, and all properly-named Defendants; (b) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and (c) the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as is more fully set forth below.

## I.   THE STATE COURT ACTION

1. On or about January 9, 2024, Plaintiff filed an action against Defendants Walmart and Plaintiff's former co-workers Penelope Uribe (erroneously sued as "Penny Sevilla") and Gina Pacheco (collectively the "Individual Defendants"), entitled "*Mia Lopez v. Wal-Mart Associates, Inc., et al.*" in Imperial County Superior Court, Case Number ECU003309. A true and correct copy of the Complaint is attached as **Exhibit A.**

2. On or about January 16, 2024, Plaintiff served Walmart a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Management Conference, through its statutory agent, CT Corporation. A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, through its statutory agent, CT Corporation are attached hereto as **Exhibit B**.

3. On February 14, 2024, Walmart filed and served its Answer to Plaintiff's Complaint. A true and correct copy of Walmart's Answer is attached hereto as **Exhibit C**.

## II. REMOVAL IS TIMELY

4. A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that a defendants' time to remove is triggered by formal service of the summons and complaint).

5. Here, removal is timely because it took place on February 15, 2024, within thirty days of Walmart's January 16, 2024 service date.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

6. This timely Notice is based on complete diversity of the parties. Plaintiff is a citizen of the State of California and all properly-named defendants are a citizen of the states of Delaware and Arkansas.

7. **Plaintiff is a Citizen of California**: For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

8. As set forth in the Complaint, Plaintiff is a resident of the County of Imperial, State of California. **Exhibit A**, Complaint, ¶ 2. As such, Plaintiff is domiciled in and for purposes of diversity jurisdiction is a citizen of the State of California.

//

9. **Walmart is Not a Citizen of California:** Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the "'principal place of business' [as contained in Section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id.*

10. Walmart is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of United States Code, Title 28, Section 1332(c)(1). Specifically, Walmart, at the time this action was commenced, was (and is still) incorporated under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. *Cesena v. Wal-Mart Assocs., Inc.*, No. CV 16-2388-R, 2016 WL 3353931, at *2 (C.D. Cal. June 8, 2016) ("Defendant Walmart, which is incorporated in Delaware and has its principal place of business in Arkansas"); *Elliot v. Wal-Mart Stores, Inc.*, No. 1:09-CV-1420-OWW-GSA, 2009 WL 4253973, at *1 (E.D. Cal. Nov. 24, 2009), *report and recommendation adopted,* No. 1:09CV1420 OWW GSA, 2009 WL 10695076 (E.D. Cal. Dec. 23, 2009) ("Defendant [Wal-Mart] is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Bentonville, Arkansas.").

11. Thus, Walmart was not and is not a citizen of the State of California but, rather, is a citizen of the state of Delaware and/or the state of Arkansas for the purpose of determining jurisdiction.

//

//

4

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

12. **The Individual Defendants are "Sham Defendants" Whose Citizenship is Irrelevant for Purposes of Removal**: The Individual Defendants are not proper defendants in this action, and their citizenship should be disregarded for purposes of diversity because they are "sham" defendants, i.e., they cannot be found liable as a matter of law. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

13. It is well-settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. *Morris* 236 F.3d at 1067; *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1100-1101(C.D. Cal. 2002). Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder ... is a sham or fraudulent device to prevent removal."); *McCabe* 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent"). If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 248-49 (E.D. Cal. 1992).

14. Plaintiff's Complaint alleges all of the following causes of action against Walmart, ***and*** the Individual Defendants: (1) Discrimination based on disability in violation of the California Fair Employment and Housing Act (FEHA), Government

Code §§ 12940 *et seq.*; (2) Harassment based on disability in violation of the FEHA; (3) Retaliation based on disability in violation of the FEHA; (4) Failure to prevent discrimination, harassment, and retaliation in violation of the FEHA; (5) Failure to provide reasonable accommodations in violation of the FEHA; (6) Failure to engage in a good faith interactive process in violation of the FEHA; (7) Declaratory judgment; and (8) Wrongful Termination in Violation of Public Policy.

15. **Plaintiff's First, Third, Fourth, Fifth, Sixth and Seventh Causes of Action Against the Individual Defendants Fail As A Matter of Law.** California has adopted the rationale of the federal courts and concluded that individual employees are not subject to personal liability for management decisions later considered to be discriminatory. *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 62 (1996). More specifically, individual supervisors or co-workers cannot be held liable for employment discrimination, retaliation and/or failure to prevent discrimination/harassment under FEHA or under a theory of wrongful discharge contrary to public policy. *Reno v. Baird*, 18 Cal. 4th 640, 645 (1998); *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1172, 1773 (2008); *Fiol v. Doellstedt,* 50 Cal. App. 4th 1318 (1996); *Miklosy v. Regents of University of California, et al.*, 44 Cal. 4th 876, 900 (2008).

16. Because the Individual Defendants cannot be found personally liable for the First, Third, Fourth, Fifth, Sixth and Seventh Causes of Action as a matter of law, they should be dismissed as sham defendants and their citizenship disregarded. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (if the plaintiff fails to state a cause of action against a non-diverse defendant, and the failure is obvious according to settled state law, the joinder is deemed fraudulent)).

17. **Second Cause Of Action For FEHA Harassment**: As explained above, Plaintiff has brought all her causes of action against the Individual Defendants even though most of the claims cannot be alleged against individuals. The only cause of action that can be brought against the Individual Defendants is Plaintiff's Second

6
DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

Cause of Action for Harassment and even that cause of action fails to state a cognizable claim for relief against the Individual Defendants.

18. Plaintiff asserts no specific allegations against the Individual Defendants, her former co-workers, other than calling them "HARASSERS" and alleging: "In or around April 2023 and May 2023, Plaintiff was being bullied and harassed by HARASSERS." Complaint ¶¶ 8, 22.

19. Although an individual supervisor or coworker may be held liable for harassment in violation of the FEHA, to establish disability or age-based harassment, the plaintiff-employee must establish that she was subjected to offensive comments or other abusive conduct that were clearly based on the plaintiff's disability and/or age and which were "so severe or pervasive" as to "alter the terms and conditions of the victim's employment and create an abusive working environment." *Aguilar v. Avis Rent a Car System, Inc.*, 21 Cal. 4th 121, 130 (1999).

20. The victim of harassment must show a "concerted pattern of harassment of a repeated, routine or a generalized nature" and that the alleged conduct constituted an "unreasonably abusive or offensive work-related environment or adversely affected the reasonable employee's ability to do his or her job." *Davis v. Monsanto Chemical Co.*, 858 F.2d 345, 349 (6th Cir. 1988); *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 264 (2009) (whether workplace harassment is sufficiently "severe or pervasive" is assessed from the "perspective of a reasonable person belonging to the racial or ethnic group of the plaintiff").

21. Acts of harassment that are "occasional, isolated, sporadic or trivial" are insufficient to establish actionable harassment and do not alter the terms and conditions of employment. *Aguilar,* 21 Cal. 4th at 130-31; *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003) ("simple teasing" and "off-hand comments" not actionable); *Anderson v. Valspar Corporation*, No. 2:10-cv-03182-GEB-EFB, 2013 WL 552001 (E.D. Cal., Feb. 12, 2013) (plaintiff's assertions that one of his supervisors stated he didn't care about plaintiff's age, plaintiff was a "grumpy old man," and he

1 wanted to get rid of the "cancers" were insufficient to establish an age harassment claim under FEHA). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment" *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (internal quotations omitted) (emphasis added); *Muller v. Automobile Club*, 61 Cal. App. 4th 431, 446-47 (1998) ("occasional, isolated sporadic or trivial" conduct does not give rise to a claim for harassment under FEHA); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 610 (1989) (under the FEHA, Plaintiff must demonstrate a "concerted pattern of harassment of a repeated, routine or generalized nature").

22. In her Complaint, Plaintiff merely asserts conclusory claims that she "was being bullied and harassed by HARASSERS." Complaint ¶¶ 8, 22. Plaintiff's allegations—or lack thereof—are insufficient as a matter of law to establish that the Individual Defendants engaged in conduct that was "so severe and pervasive" as to "alter the terms and conditions" of Plaintiff's employment and "create an abusive working environment" for her on the basis of a protected classification. Because Plaintiff has failed to allege a cognizable claim against the Individual Defendants, their citizenship should be disregarded for purposes of diversity because they are "sham" defendants, i.e., they cannot be found liable as a matter of law. *Morris*, 236 F.3d at 1067.

23. **"Doe" Defendants' Citizenship:** "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of "Does 1 through 20" in the Complaint cannot defeat diversity jurisdiction.

## IV. THE JURISDICTIONAL MINIMUM IS EASILY MET

24. This Court's jurisdictional minimum of an amount in controversy over $75,000 is and was satisfied at the time this action was filed, as explained below.

25. As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Removal is proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiffs' claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

26. "[A]s specified in § 1446(a), a Defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (emphasis added). To meet this relatively low burden regarding the amount in controversy, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendants' own numbers" for "purposes of analyzing the amount in controversy").

27. **Compensatory Damages**: Plaintiff seeks lost income in the form of past and future earnings and benefits. **Exhibit A,** Complaint, ¶¶ 30, 31, and Prayer for Relief, ¶ 1. Assuming Plaintiff has not secured new employment since her termination in June 2023, she puts at issue at least eight (8) months' worth of lost income to date,

1 and assuming this case goes to trial in approximately forty-seven (47) months, her back pay claim will seek approximately fifty-five (55) months of past wages and benefits. *See* U.S. District Court–Judicial Caseload Profile, California Southern, March 31, 2023, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2023.pdf (indicating that the average time to trial in the Southern District is 46.9 months).

28. Plaintiff's Complaint alleges that, at the time of her termination, she was working full time as a cashier. **Exhibit A**, Complaint ¶ 19. Walmart's records show that Plaintiff's last rate of pay was $17/hr. (Declaration of James T. Conley ("Conley Decl."), at ¶ 3 filed herewith.) By Plaintiff's representation that she was working full time, which is 40 hours per week, Plaintiff was earning approximately $2720 a month. (Conley Decl., ¶ 3.) Assuming that Plaintiff has not found new employment at the time of trial in this case, her claim for lost income alone will be approximately $149,600 ($2720 for 55 months). (Conley Decl., ¶ 3.)

29. **<u>Emotional Distress</u>**: Plaintiff also seeks compensation for non-economic damages including emotional distress. **Exhibit A**, Complaint, ¶¶ 30, 32, and Prayer for Relief ¶ 1. Plaintiff's claim for these damages adds thousands of dollars to the amount in controversy. A review of jury verdicts in California demonstrates that emotional distress awards in wrongful discharge cases commonly exceed $75,000. *See, e.g., Cosby v. Autozone, Inc.*, 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability); *Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles County Superior Court) (award of $200,000 in non-economic damages to employee terminated in part based on age); *Tiegs v. Bank of America*, 2004 WL 903847 (Orange County Superior Court) (jury award of more than $3,000,000 to 50 year old bank employee terminated because of age); *Pirouzkar v. Regents of the University of California*, 2002 WL 31414996 (Los Angeles County Superior Court) (award of $2,087,500 pain and

suffering damages for doctor alleging discrimination and wrongful discharge). Therefore, Plaintiff's claimed emotional distress damages alone are likely to satisfy the amount in controversy requirement for removal.

30. **Punitive Damages:** Plaintiff also seeks punitive damages "in an amount appropriate to punish or make an example of Defendants." **Exhibit A**, Complaint ¶¶ 33, 44, 55, 67, 73, 81, 89, 110 and Prayer for Relief ¶ 5. This amount alone well exceeds the $75,000 statutory minimum. Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Moreover, "[t]he fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases." *Id.* The court in Simmons relied on jury verdicts from several cases to establish the probable award of punitive damages, including punitive damage awards in the amount of $60,000 (*Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857, 2001 WL 1808527 (Jan. 1, 2001)) and $40,000,000 (*Lane v. Hughes Aircraft Co.*, JVR No. 801112, 1995 WL 17078750 (Jul. 1, 1995)). *Id.* As in *Simmons*, Plaintiff is alleging employment discrimination. Thus, the jury verdicts that supported a finding of the requisite amount in controversy in Simmons support such a finding here. Nevertheless, as mentioned, "the Court need not determine whether the cases Defendant cites are sufficiently factually analogous, and need not put an exact numerical value on a potential punitive damages award to conclude that a substantial punitive damages award is likely if Plaintiff succeeds on her Complaint." *Mejia v. Parker Hannifin Corporation*, 2018 WL 582325, at *5, (C.D. Cal., Jan. 26, 2018, No. CV178477MWFRAOX).

31. **Attorney's Fees**: Plaintiff also seeks attorneys' fees. **Exhibit A,** Complaint, ¶¶ 45, 56, 68, 74, 82, 90, 100 and Prayer for Relief ¶ 6. Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy. *Galt G/S,* 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the

amount in controversy, regardless of whether award is discretionary or mandatory). Recently, the United States District Court for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting Fair Employment and Housing Act claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience). *Andrade v. Arby's Rest. Grp., Inc.,* 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a default judgment); *see also Garcia v. ACE Cash Express, Inc.,* No. SACV 14-0285-DOC, 2014 WL 2468344, at *3–5 (C.D. Cal. May 30, 2014) (holding that for purposes of calculating the amount in controversy at removal, $300 per hour with 100 hours expended is a conservative estimate of attorneys' fees sought, and noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages). Defendant anticipates that the parties will propound written discovery and that depositions will be taken in this case, and that ultimately Defendant will file a Motion for Summary Judgment. Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees. Therefore, if Plaintiff is successful on her claims, she could be entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

32. Accordingly, Plaintiff's claims for attorneys' fees establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.

**V.   VENUE**

33. Venue lies in this Court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a). Under United States Code, Title 28, Section 1441(a), this case may properly be removed to the Southern District of California because Plaintiff filed this case in the Superior Court of California, County of Imperial. Additionally, Defendant is informed and believe that the events allegedly giving rise to this action occurred within this judicial district.

//

## VI. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

34. In accordance with United States Code, Title 28, Section 1446(a), **Exhibits A-C** constitute a copy of all processes, pleadings, and orders either served upon or by Defendant. As required by United States Code, Title 28, Section 1446(b), the Notice of Removal was filed within 30 days after Walmart was served with Plaintiff's Complaint. As required by United States Code, Title 28, Section 1446(d), Defendant will provide notice of this removal to Plaintiff through her attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Imperial.

## VII. CONCLUSION

35. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Walmart respectfully requests that this Court exercise its removal jurisdiction over this action.

36. In the event this Court has a question regarding the propriety of this Notice, Walmart requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: February 15, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ James T. Conley*
James T. Conley
Brian D. Murphy

Attorneys for Defendants WAL-MART ASSOCIATES, INC., WALMART INC., and GINA PACHECO