'24CV0302 GPC MMP

# EXHIBIT C

| | |
|---|---|
| 1 | JAMES T. CONLEY, SBN 224174 |
| 2 | james.conley@ogletree.com<br>BRIAN D. MURPHY, SBN 233582 |
| 3 | brian.murphy@ogletree.com<br>OGLETREE, DEAKINS, NASH, |
| 4 | SMOAK & STEWART, P.C.<br>400 Capitol Mall, Suite 2800 |
| 5 | Sacramento, CA 95814<br>Telephone:   916-840-3150 |
|   | Facsimile:   916-840-3159 |

**ELECTRONICALLY FILED**
Superior Court of California,
County of Imperial
02/14/2024 at 12:01:28 PM
By: Angela Jantz, Deputy Clerk

Attorneys for Defendants WAL-MART ASSOCIATES, INC., WALMART INC. and GINA PACHECO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF IMPERIAL

| | |
|---|---|
| MIA LOPEZ, an individual,<br><br>         Plaintiff,<br><br>     vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; WALMART INC., a Delaware corporation; PENNY SEVILLA, an individual; GINA PACHECO, an individual; and DOES 1 through 20, inclusive,<br><br>         Defendants. | Case No. ECU003309  '24CV0302 GPC MMP<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER**<br><br>[Assigned for all purposes to<br>The Honorable L. Brooks Anderholt, Dept. 9]<br><br>Action Filed:      January 9, 2024<br>Trial Date:         None Set |

1
DEFENDANTS' ANSWER

Defendants WAL-MART ASSOCIATES, INC., WALMART INC., and GINA PACHECO (collectively "Defendants") hereby answer the Original Complaint ("Complaint") filed by Plaintiff MIA LOPEZ ("Plaintiff"):

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

## THIRD AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

## FOURTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action Taken by Employer)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's Complaints.

### FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

The Complaint, and each and every cause of action alleged there in, is barred by the avoidable consequences doctrine.

### SIXTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualification)

Any alterations or modifications to Plaintiff's job duties were justified, not based on discriminatory reasons, and were justified based upon a bona fide business necessity and based upon bona fide occupational qualifications.

### SEVENTH AFFIRMATIVE DEFENSE

### (Business Necessity)

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

### EIGHTH AFFIRMATIVE DEFENSE

### (Employer Lacked Knowledge)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated against.

### NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars

or reduces any claims, losses, or damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory reason.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Not a Covered Employer)**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant was not a covered employer at the time the alleged wrongful conduct occurred.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Not a Substantial Motivating Reason)**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Plaintiff is Not a Qualified Individual with a Disability)**

The Complaint and each purported cause of action therein are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. Cal. Gov't Code section 12940, et seq.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Reasonable Accommodation Creates Undue Hardship)**

The Complaint, and each and every cause of action alleged therein, is barred as Defendant was excused from a providing a reasonable accommodation as the reasonable accommodation required would create an undue hardship for Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Same Decision Limits Remedies)**

The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

//

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and Professions Code section 17208.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Penalties)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under California Labor Code sections 210, 226.3, 226.7, 558, and 1174.5, and IWC Order No. 12-2000, and any award of such penalties or damages would, in general or under the facts of Plaintiff's particular claims, violate Defendant's constitutional rights under the provisions of the United States and California Constitutions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

//

//

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;
3. That Defendant be awarded attorneys' fees and costs of suit incurred herein; and
4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury in the above-entitled matter.

DATED: February 14, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
James T. Conley

Attorneys for Defendants WAL-MART ASSOCIATES, INC., WALMART INC. and GINA PACHECO

7
DEFENDANTS' ANSWER

**PROOF OF SERVICE**
*Lopez v. Wal-Mart Associates, Inc., et al*
Case No. ECU003309

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of (choose one), in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 Capitol Mall, Suite 2800, Sacramento, CA 95814.

On February 14, 2024, I served the following document(s):

**DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the following service list:

| | |
|---|---|
| Ramin Younessi | Attorneys for |
| Law Offices of Ramin Younessi | Mia Lopez |
| 3435 Wilshire Blvd., Suite 200 | |
| Los Angeles, CA 90010 | |

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 14, 2024, at Sacramento, California.

_____
Sarah Martinez